H. R. Harrell, *et ux*, Áppellants, v. Lake · County, *et al*, Appellees.

199 So. 491
Opinion Filed December 27, 1940

*Thomas B. Adams* and *Geo. W. Johnson*, for Appellant.
*T. G. Futch* for Appellee, Lake County, and *Robt. J. Pleus* for Appellee, R. J. Crummer & Company.

Per Curiam.—Appellants as complainants filed their bill of complaint against Appellees as defendants praying that they (defendants) be restrained from executing a certain contract for the sale of a large block of Lake County refunding bonds, some of them issued by the county and others by special tax road and school districts and that in lieu thereof, Appellees be required to accept a proposal of Leedy Wheeler & Company and Clyde C. Pierce Corporation for the purchase of the said refunding bonds. Answer to the bill of complaint was filed, testimony was taken, and on final hearing, the Chancellor denied the relief sought and dismissed the bill. This appeal was prosecuted.

Epitomized, Appellants contend that the decree appealed from should be reversed, because, (1) the contract of sale was illegal and constituted a waste of public funds, (2) the purchasers at the sale were fiscal agents of Lake County

and were not in position to purchase the bonds, (3) the advertisements calling for bids were not proper and did not offer a proper predicate for the sale, (4) the contract of sale was indefinite and did not meet legal requirements, neither was it the best bid when modified by proposal in other bids in the hands of the county commissioners at the time.

Appellants in other words argue six reasons why the decree appealed from should be reversed. Some of them deal with the question of which was the best bid before the county commissioners when the sale was made, whether or not the best bid was accepted and whether or not the sale was made to a lawful bidder. These were matters largely in the discretion of the County Commissioners and we find no showing that such discretion was abused.

Unquestionably the appellant as a taxpayer had a right to bring suit but all other questions raised turn on the interpretation of the evidence. The evidence is in conflict but no reason is shown why we should reverse the chancellor. In fact, to do so would violate a well settled rule of this Court on grounds entirely insufficient. Let the mandate issue affirming the decree of the chancellor forthwith.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justices THOMAS and ADAMS not participating as authorized by Section 4687 Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.